## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SALVATORE PROVENZANO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FORWARD FOODS, LLC<br><br>Defendant. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Salvatore Provenzano ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant Forward Foods LLC ("Defendant"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

## <u>NATURE OF THE ACTION</u>

1.      This is a putative class action lawsuit on behalf of purchasers of Forward Foods LLC's Detour Lean Muscle Cookie Dough Caramel Crisp protein bars and Detour Lean Muscle Peanut Butter Chocolate Crunch protein bars (collectively, the "Bars"). Defendant markets and sells the Bars as "lean muscle" protein bars to impress upon the public that its products contain less fat, fatty acid, or cholesterol than its competitors. However, the Bars do not comply with 21 C.F.R. 101.62(e) and therefore do not meet such warranties. In fact, Defendant fortifies its Lean Muscle Bars with palm kernel, sunflower and flax oils, considerable sources of fat. Therefore, Defendant has no basis to label its Bars as "lean."

2.      Many health-conscious consumers actively seek out low-fat food products with a high protein content because they believe it will assist with muscle gain or fat loss. Additionally,

many consumers avoid food products with high fat content due to health reasons, such as heart disease or high blood pressure. Almost all of Defendant's competitors produce protein bars with the same, if not lower, fat and cholesterol levels.

3.      However, contrary to Defendant's representation, the Bars do not contain any less fat than similar "non-lean" protein bars on the market. Accordingly, the Bars are not lean because they do not contain any less fat than other traditional protein bars.

4.      As such, Defendant engaged in widespread false and deceptive advertising on its Bars by claiming the Bars are "lean." Every package of the Bars prominently features the words "Lean Muscle."

5.      Plaintiff and Class Members purchased Bars designed, marketed, manufactured, distributed, and sold by Defendant as "lean."  Further, Plaintiff and Class Members relied to their detriment on Defendant's representation that the Bars are "lean" and therefore would contain a low amount of fat.  Plaintiff and Class Members would not have paid to purchase Defendant's Products–or would not have paid as much as they did to purchase them–had they known that they were not, in fact, "lean" and contained significant amounts of fat.  Plaintiff and Class Members thus suffered monetary damages because of Defendant's deceptive and false representations.

**PARTIES**

6.      Plaintiff Salvatore Provenzano is a citizen of New York, residing in White Plains, New York.  In November 2020, Plaintiff Provenzano purchased Forward Foods LLC's Detour Lean Muscle Peanut Butter Chocolate Crunch Bars for his personal use from Shoprite. Prior to his purchase of his Bars, Plaintiff Provenzano reviewed the Bars' labeling and packaging and saw that his Bars were "lean muscle" protein bars.  Plaintiff Provenzano relied on that labeling and packaging to choose his Bars over comparable products.  Plaintiff Provenzano saw these

2

representations prior to, and at the time of purchase, and understood them as representations and warranties that his Bars were "lean" and would therefore contain a low amount of fat.  Plaintiff did not realize the side or back panel of the Bars contained information inconsistent with this representation.  Plaintiff Provenzano relied on these representations and warranties in deciding to purchase his Bars.  Accordingly, those representations and warranties were part of the basis of the bargain, in that he would not have purchased his Bars on the same terms had he known those representations were not true.  However, Plaintiff Provenzano remains interested in purchasing Bars that are actually "lean" and would consider Forward Foods in the future if Defendant ensured the bars actually were lean.  In making his purchase, Plaintiff Provenzano paid a substantial price premium due to the false and misleading Lean Claims.  However, Plaintiff Provenzano did not receive the benefit of his bargain because his Bars were not, in fact, lean. Plaintiff Provenzano further understood that the purchase came with Defendant's representation and warranties that his Bars were "lean" and would therefore contain a low amount of fat.

7.    Defendant Forward Foods LLC is a corporation organized and existing under the laws of the state of Nevada, with its principal place of business in Reno, Nevada. Forward Foods LLC manufactures, sells, and/or distributes Detour-brand products, and is responsible for the advertising, marketing, trade dress, and packaging of Detour products.  Forward Foods LLC manufactured, marketed, and sold the Bars during the class period.

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction pursuant to 28 U.S.C § 1332(d)(2)(a) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, there are over 100 members of the putative class, and Plaintiff, as well as most members of the proposed class, are citizens of states different from Defendant.

3

9.      This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within New York, such that Defendant has significant, continuous, and pervasive contacts with the State of New York.  Furthermore, a substantial portion of the events giving rise to Plaintiff's claims occurred in this State, including Plaintiff's purchase.

10.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant does substantial business in this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## FACTUAL ALLEGATIONS

A.      **Lean Protein**

11.      Federal regulations specifically prohibit the use of the word "lean" unless Defendant uses such term in accordance with its definition as set out in 21 C.F.R. § 101.62(e). *See* 21 C.F.R. § 101.62(a). 21 C.F.R. § 101.62(e) specifies that [t] he term "lean" may be used on the label or in labeling of a product, provided that the product contains less than 10 g of fat, 4.5 g or less of saturated fat, and less than 95 mg of cholesterol per 100 g of product and per reference amount customarily consumed for individual foods."

12.      Use of the term "lean" in a way that does not with comply with 21 C.F.R. § 101.62(e) "shall be deemed to be misbrand[ing] under sections 201(n), 403(a), and 403(r) of the Federal Food, Drug, and Cosmetic Act." 21 C.F.R. § 101.62(a), (f). Defendant's use of the word "lean" in the names of each Detour Lean Muscle Bar does not meet the definitional requirements of 21 C.F.R. § 101.62(e) and thus is a per se violation of the Food, Drug, and Cosmetic Act and independently actionable under parallel state consumer protection laws.

B.  **Defendant's Misrepresentations Regarding the Bars**

13.      Forward Foods LLC sells, manufactures, and markets its Bars, which are sold as "lean muscle bars." On the front of the Bars' packaging, the Bars are touted as being "lean:"

 

14.     However, Defendant's Detour Lean Muscle Peanut Butter Chocolate Crunch Bars contain 18 grams of fat and 9 grams of saturated, and Defendant's Lean Muscle Cookie Dough Caramel Crisp Bars contain 12 grams of fat and 7 grams of saturated fat, and thus neither Bar meets the definitional requirements of 21 C.F.R. § 101.62(e):

| Nutrition Facts | | |
|---|---|---|
| Serving Size | 1 Bar | |
| Amount Per Serving | | %DV* |
| Calories | 420 | |
| Calories from Fat | 160 | |
| Total Fat | 18g | 28% |
| Saturated Fat | 9g | 45% |
| Trans Fat | 0g | |
| Cholesterol | 5mg | 2% |
| Sodium | 370mg | 15% |
| Potassium | 215mg | 6% |
| Total Carbohydrate | 33g | 11% |
| Dietary Fiber | 9g | 36% |
| Sugars | 3g | |
| Sugar Alcohol | 17g | |
| Protein | 32g | 64% |

| Nutrition Facts | | |
|---|---|---|
| Serving Size | 1 Bar | |
| Amount Per Serving | | %DV* |
| Calories | 370 | |
| Calories from Fat | 110 | |
| Total Fat | 12g | 18% |
| Saturated Fat | 7g | 35% |
| Trans Fat | 0g | |
| Cholesterol | 20mg | 7% |
| Sodium | 460mg | 19% |
| Potassium | 210mg | 6% |
| Total Carbohydrate | 33g | 11% |
| Dietary Fiber | 3g | 12% |
| Sugars | 3g | |
| Sugar Alcohol | 27g | |
| Protein | 32g | 64% |

15.     Defendant's use of the word "lean" to describe its Bars is particularly misleading because these Bars do not contain any less fat than similar "non-lean" protein bars on the market. Almost all of Defendant's competitors produce protein bars with the same, if not lower, fat and cholesterol levels. Accordingly, the Lean Muscle Bars are not lean because they do not contain any less fat than other traditional protein bars.

16.     Defendant's advertising and marketing of the Bars is false and misleading and omits material information.  Defendant prominently advertises on the front label that the Bars are "lean."  Consumers reasonably expect that Bars will, in fact, be lean and therefore would contain a low amount of fat.  Nowhere on the Bars' packaging does Defendant inform consumers that the Bars are not lean.  Defendant's misrepresentations and/or omissions violate consumers' reasonable expectations and as alleged herein, New York's consumer protection statutes.

17.     Defendant knew or should have known that the Bars' express Lean Claims were false, deceptive, and misleading, and that Plaintiff, the Class, and Subclass Members would not be able to tell that the Bars were not lean absent Defendant's express disclosure.

18.     Defendant employs nutritionists to create the formulations for the Bars. Therefore, Defendant, through its employees, knew or should have known that the Bars' fat content was not "lean" and that it was deceiving consumers by labeling the Bars as "lean."

19.     On information and belief, Defendant, through its employees, did know that the Bars were not lean, but chose to include the Lean Claims because they did not believe their customers would know the difference.

20.     Had Defendant not made the false, misleading, and deceptive representations and/or omissions alleged herein, Plaintiff and Class Members would not have purchased the Bars or would not have paid as much as they did for such Bars.  Thus, Plaintiff and Class Members suffered an injury in fact and lost money or property as result of Defendant's wrongful conduct.

## CLASS ALLEGATIONS

21.     Plaintiff hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

22.     Plaintiff seeks to represent a class defined as all people in the United States who purchased any Forward Foods LLC product that falsely advertised that the Bars' purported fat

content during the applicable statute of limitations (the "Class").  Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and its heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

23.     Plaintiff Salvatore Provenzano also seeks to represent a subclass consisting of Class Members who reside in New York (the "New York Subclass").

24.     Subject to additional information obtained through further investigation and discovery, the foregoing definitions of the Class and Subclass may be expanded or narrowed by amendment or amended complaint.

25.     **Numerosity.**  The Class and Subclass Members are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable.  Upon information and belief, Plaintiff reasonably estimates that there are hundreds of thousands of Members in the Class and in the Subclass.  Although the precise number of Class and Subclass Members is unknown to Plaintiff, it is known by Defendant and may be determined through discovery.

26.     **Existence and predominance of common questions of law and fact.**  Common questions of law and fact exist as to all Members of the Class and Subclass and predominate over any questions affecting only individual Class or Subclass members.  These common legal and factual questions include, but are not limited to, the following:

(a)     Whether Defendant made false and/or misleading statements to the consuming public concerning the fat content of the Bars;

(b)      Whether Defendant omitted material information to the consuming public concerning the fat content of the Bars;

(c)      Whether Defendant's labeling and packaging for the Bars is misleading and/or deceptive;

(d)      Whether Defendant engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising and sale of the Bars;

(e)      Whether Defendant's representations concerning the Bars were likely to deceive a reasonable consumer;

(f)      Whether Defendant's omissions concerning the Bars were likely to deceive a reasonable consumer;

(g)      Whether Defendant represented to consumers that the Bars have characteristics, benefits, or qualities that they do not have;

(h)      Whether Defendant advertised the Bars with the intent to sell them not as advertised;

(i)      Whether Defendant falsely advertised the Bars;

(j)      Whether Defendant made and breached express and/or implied warranties to Plaintiff and Class and Subclass Members about the Bars;

(k)      Whether Defendant's representations, omissions, and/or breaches caused injury to Plaintiff and Class and Subclass Members; and

(l)      Whether Plaintiff and Class and Subclass Members are entitled to damages.

27.     **Typicality.**  Plaintiff's claims are typical of the claims of the other Members of the Class and Subclass in that, among other things, all Class and Subclass Members were deceived (or reasonably likely to be deceived) in the same way by Defendant's false and misleading advertising claims about the fat content of the Bars.  All Class and Subclass Members were comparably injured by Defendant's wrongful conduct as set forth herein.  Further, there are no defenses available to Defendant that are unique to Plaintiff.

28.     **Adequacy of Representation.**  Plaintiff will fairly and adequately protect the interests of the Members of the Class and Subclass.  Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class and Subclass.  Furthermore, Plaintiff has no interests that are antagonistic to those of the Class or Subclass.

29.     **Superiority.**   A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class and Subclass Members are relatively small compared to the burden and expense of individual litigation of their claims against Defendant.  It would, thus, be virtually impossible for Class or Subclass Members to obtain effective redress on an individual basis for the wrongs committed against them.  Even if Class or Subclass Members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  It would also increase the delay and expense to all parties and the court system from the issues raised by this action.  The class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

30.     In the alternative, the Class and Subclass may also be certified because:

(a)      the prosecution of separate actions by individual Class and Subclass Members would create a risk of inconsistent or varying adjudications with respect to individual Class or Subclass Members that would establish incompatible standards of conduct for Defendant;

(b)      the prosecution of separate actions by individual Class and Subclass Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class and Subclass Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c)      Defendant has acted or refused to act on grounds generally applicable to the Class and to the Subclass as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the Members of the Class and to the Members of the Subclass as a whole.

<u>**COUNT I**</u>
**Count One**
**Violation Of New York's Gen. Bus. Law § 349**
**(On Behalf of The New York Subclass)**

31.      Plaintiff hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

32.      Plaintiff Salvatore Provenzano brings this claim individually and on behalf of the Members of the proposed New York Subclass against Defendant.

33.      Defendant committed deceptive acts and practices by employing false, misleading, and deceptive representations and/or omissions about the fat content of its Bars to mislead consumers into believing the Bars were "lean" and would therefore contain a low amount of fat.

34.     Plaintiff Provenzano has standing to pursue this claim because he has suffered an injury-in-fact and has lost money or property as a result of Defendant's deceptive acts and practices.  Specifically, Plaintiff Provenzano purchased Bars for his own personal use.  In doing so, Plaintiff Provenzano relied upon Defendant's false, misleading, and deceptive representations that the Bars were lean.  Plaintiff Provenzano spent money in the transaction that he otherwise would not have spent had he known the truth about Defendant's advertising claims.

35.     Defendant's deceptive acts and practices were directed at consumers.

36.     Defendant's deceptive acts and practices are misleading in a material way because they violate consumers' reasonable expectations.  Defendant knew consumers would purchase the Bars and/or pay more for them under the false—but reasonable—belief that the Bars were lean, when they were not.  By advertising prominently that the Bars were lean, Defendant proves that information about their fat content is material to consumers.  If such information were not material, Defendant would not feature it prominently on the front label of every Bar's package.  As a result of its deceptive acts and practices, Defendant has sold thousands, if not millions, of Bars to unsuspecting consumers across New York.  If Defendant had advertised its Bars truthfully and in a non-misleading fashion, Plaintiff and other New York Subclass Members would not have purchased them or would not have paid as much as they did for them.

37.     As a direct and proximate result of Defendant's false, misleading, and deceptive representations and/or omissions, Plaintiff Provenzano and other Members of the New York Subclass were injured in that they: (1) paid money for Bars that were not what Defendant represented; (2) were deprived of the benefit of the bargain because the Bars they purchased were different than Defendant advertised; and (3) were deprived of the benefit of the bargain because the Bars they purchased had less value than if Defendant's representations about the Bars' fat content were truthful.

38.     On behalf of himself and Members of the New York Subclass, Plaintiff Provenzano seeks to enjoin Defendant's unlawful acts and practices and recover his actual damages or fifty (50) dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

<u>**COUNT II**</u>
**Violation Of New York's Gen. Bus. Law § 350**
**(On Behalf of The New York Subclass)**

39.     Plaintiff hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

40.     Plaintiff Salvatore Provenzano brings this claim individually and on behalf of the Members of the proposed New York Subclass against Defendant.

41.     Defendant engaged in a campaign of false advertising regarding the fat content of the Bars to mislead consumers into believing the Bars they purchase are "lean" and  would therefore contain a low amount of fat.

42.     Plaintiff Provenzano has standing to pursue this claim because he has suffered an injury-in-fact and has lost money or property because of Defendant's deceptive acts and practices.  Specifically, Plaintiff Provenzano purchased Bars for his own personal use.  In doing so, Plaintiff Provenzano relied upon Defendant's false, misleading, and deceptive representations that the Bars would be lean when they are not.  Plaintiff Provenzano spent money in the transaction that he otherwise would not have spent had he known the truth about Defendant's advertising claims.

43.     Defendant's deceptive acts and practices were directed at consumers.

44.     Defendant's deceptive acts and practices are misleading in a material way because, as alleged above and herein, they violate consumers' reasonable expectations.  If Defendant had advertised its Bars truthfully and in a non-misleading fashion, Plaintiff and other

New York Subclass Members would not have purchased the Bars or would not have paid as much as they did for them.

45.    As a direct and proximate result of Defendant's false, misleading, and deceptive representations and omissions, Plaintiff Provenzano and other Members of the New York Subclass were injured in that they: (1) paid money for Bars that were not what Defendant represented; (2) were deprived of the benefit of the bargain because the Bars they purchased were different than Defendant advertised; and (3) were deprived of the benefit of the bargain because the Bars they purchased had less value than if Defendant's representations about the Bars' fat content were truthful.

46.    On behalf of himself and Members of the New York Subclass, Plaintiff Provenzano seeks to enjoin Defendant's unlawful acts and practices and recover his actual damages or five hundred (500) dollars per violation, whichever is greater, three times actual damages, and reasonable attorneys' fees.

### COUNT III
**Breach Of Express Warranty**
**(On Behalf of The Class and The New York Subclass)**

47.    Plaintiff hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

48.    Plaintiff Salvatore Provenzano brings this claim individually and on behalf of the Members of the proposed Class and Subclass against Defendant.

49.    As the designer, manufacturer, marketer, distributor, and/or seller of the Bars, Defendant issued an express warranty by representing to consumers at the point of purchase that the Bars were lean.  Defendant's representations were part of the description of the goods and the bargain upon which the goods were offered for sale and purchased by Plaintiff and Members of the Class and Subclass.

50.     In fact, the Bars do not conform to Defendant's representations that the Bars are "lean" because the Bars are not, in fact, "lean".  By falsely representing the Bars in this way, Defendant breached express warranties.

51.     On May 27, 2021, prior to the filing of this Complaint, Plaintiff's counsel sent Defendant a warranty notice letter that complied in all respects with U.C.C. 2-607.  The letter provided notice of breach of express and implied warranties.  The letter was sent via certified mail, return receipt requested, advising Defendant that it was in violation of the U.C.C. 2-607 and state consumer protection laws and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom.  The letter stated that it was sent on behalf of Plaintiff and all other similarly situated purchasers.

52.     As a direct and proximate result of Defendant's breach, Plaintiff and Members of the Class and Subclass were injured because they: (1) paid money for Bars that were not what Defendant represented; (2) were deprived of the benefit of the bargain because the Bars they purchased were different than Defendant advertised; and (3) were deprived of the benefit of the bargain because the Bars they purchased had less value than if Defendant's representations about the Bars' fat content were truthful.  Had Defendant not breached the express warranty by making the false representations alleged herein, Plaintiff and Class and Subclass Members would not have purchased the Bars, nor would they have paid as much as they did for them.

## COUNT IV
### Breach of Implied Warranty
### (On Behalf of The Class and The New York Subclass)

53.     Plaintiff hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

54.     Plaintiff Salvatore Provenzano brings this claim individually and on behalf of the Members of the proposed Class and Subclass against Defendant.

55.     Defendant routinely engages in the manufacture, distribution, and/or sale of Bars and is a merchant that deals in such goods or otherwise holds itself out as having knowledge or skill particular to the practices and goods involved.

56.     Plaintiff and Members of the Class and Subclass were consumers who purchased Defendant's Bars for the ordinary purpose of such Bars.

57.     By representing that the Bars were lean, Defendant impliedly warranted to consumers that the Bars were merchantable, such that they were of the same average grade, quality, and value as similar goods sold under similar circumstances.

58.     However, the Bars were not of the same average grade, quality, and value as similar goods sold under similar circumstances.  Thus, they were not merchantable and, as such, would not pass without objection in the trade or industry under the contract description.

59.     As a direct and proximate result of Defendant's breach, Plaintiff and Members of the Class and Subclass were injured because they paid money for Bars that would not pass without objection in the trade or industry under the contract description.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, seek judgment against Defendant as follows:

a.  Certifying the nationwide Class and the New York Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representatives of the Class and Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and Subclass Members;

b.  Declaring that Defendant's conduct violates the statutes referenced herein;

c.  Finding in favor of Plaintiff, the nationwide Class and the New York Subclass against Defendant on all counts asserted herein;

d.  Ordering Defendant to disgorge and make restitution of all monies Defendant acquired by means of the unlawful practices as set forth herein;

e.  Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining Defendant from continuing the unlawful practices as set forth herein, and directing Defendant to identify, with Court supervision, victims of its conduct and pay them all the money they are required to pay;

f.  Awarding Plaintiff and Class and Subclass Members their costs and expenses incurred in the action, including reasonable attorneys' fees;

g.  Ordering Defendant to pay pre-judgment interest on all amounts awarded;

h.  Providing such further relief as may be just and proper.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: May 20, 2022                          Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:    */s/ Frederick J. Klorczyk III*
          Frederick J. Klorczyk III

Frederick J. Klorczyk III
888 Seventh Avenue
New York, NY  10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email: fklorczyk@bursor.com

**BURSOR & FISHER, P.A.**
Brittany S. Scott*
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone:  (925) 300-4455
Facsimile:  (925) 407-2700
Email:  bscott@bursor.com

**MILBERG COLEMAN BRYSON**

16

**PHILLIPS GROSSMAN PLLC**
Nick Suciu III*
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 48301
Telephone: (313) 303-3472
E-Mail:  nicksuciu@milberg.com

**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
Zoe Aaron*
405 E. 50th Street
New York, NY 10023
Tel.: (212) 594-5300
Fax: (865) 522-0049
Email: zaaron@milberg.com

*Pro Hac Vice Forthcoming*

*Attorneys for Plaintiff*